OPINION op the Court by
Judge O’Rear
Reversing.
.Tbe Burley Tobacco Society was organized under the Act of 1906, to enable its patronizing members, growers of Burley tobacco, to avail themselves of the privileges of that statute for the purpose of obtaining a better price *749 for tbeir product, by receiving, commingling, handling, warehousing, inspecting, insuring, grading, financing and selling the 1909 crops of tobacco of the poolers.
Appellee, a grower in Spencer county, executed with appellants Burley Tobacco Society, and its auxiliary corporation, the Spencer County Board of Control of the Burley Tobacco Society, a contract by which he agreed to pool with all other singers of similar contracts, his crop of 1909 tobacco, consisting of two acres, agreeing to deliver his said crop into the custody of the' society for grading, storing, prizing, selling, etc., at not less than the price fixed by the society for like grades of tobacco. There are two clauses of that' contract which are presented for review by this litigation. They read as follows :
‘ ‘ The undersigned by reason of this contract, becomes and is entitled to all the privileges as a member of said tobacco society.
“The undersigned further subscribes for shares of the capital stock to the amount equal to 10 per cent of the gross sales of the tobacco hereby pledged, in the Burley Tobacco Company, to be incorporated, and authorized the Burley Tobacco Society to pay for said stock out of the proceeds of said tobacco when sold.
“Upon (our) failure to fully comply with the terms and conditions of this contract we hereby agree to pay to said society as liquidated damages twenty (20 per cent.) per cent, of the value of said tobacco for the benefit of the members of said society.”
Appellee, Thomas, refused and failed to deliver his tobacco to the society for sale, etc. Instead he shipped it to Louisville and sold it on the breaks, realizing $329.24 net. This suit was, therefore, brought by the appellants to recover for the benefit of the Burley Tobacco Society the twenty per cent, of the value of the crop as liquidated damages. There was not other proof than appellee’s admission as to the value of the crop. The circuit court adjudged that Appellants recover twenty per cent, of $329.34, or $65.87. It was also adjudged that “the plaintiff shall issue to the defendant a certificate for capital stock for one-half of this sum, to-wit: $32.93. The judgment in the latter particular is erroneous. The society did not agree in any event to deliver any of its stock to appellee. Nor does it appear that appellant is a stock company. The parties agreed that appellant should as agent or factor, in payment for as many shares of the *750 stock of ánother corporation, to be formed, known as tbe Burley Tobacco Company, as ten per cent, of tbe gross proceeds of tbe sale of appellee’s tobacco would pay for. But it is admitted that appellants did not sell, were not permitted to sell, appellee’s tobacco. "What it might have realized gross at such sale can not, therefore, be known. He put it out of tbe power of appellants to test tbe market under their plan of operation.
Furthermore, whatever rights appellee had concerning the stock-subscription feature of the contract, depended on its execution. Instead of being executed it was breached by appellee. Hence by his own wrongful act he deprived himself of whatever benefits that might have accrued to him under it, and subjected himself to the penalty of damages for its breach. The damages, peculiarly difficult of exact ascertainment, the parties fixed as liquidated. These damages are recoverable not in performance of the contract, but because it was not performed.
The judgment in the respect indicated, should be reversed, and the cause is remanded for a judgment in conformity herewith.